J-A19037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ELAINE MAGEE, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEVE WARNER, | : | |
| | : | |
| Appellant | : | No. 1272 WDA 2014 |

Appeal from the Order entered on August 4, 2014
in the Court of Common Pleas of Erie County,
Domestic Relations Division, No. NS200000026
PACSES Case Number 581101503

BEFORE:  BENDER, P.J.E., JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED SEPTEMBER 24, 2015**

Steve Warner ("Warner") appeals from the Order requiring him to remit a lump sum child support payment of $100.00 by July 7, 2014, and $500.00 by October 7, 2014; maintain his child support obligation of $175.00 per month; and provide the trial court with updated medical documentation of his ongoing disability.  We affirm.

On July 16, 2012, the trial court entered an Order requiring Warner to pay child support to Elaine Magee ("Magee") for the parties minor child, R.W. (d.o.b. 7/7/99), in the amount of $175.00 per month, and requiring Warner to pay arrearages of $300.62 immediately.  Trial Court Order, 7/16/12.  On appeal, this Court affirmed the trial court's child support Order.  ***Magee v. Warner***, 96 A.3d 1095 (Pa. Super. 2014) (unpublished memorandum).

Relevant to this appeal, on May 5, 2014, Magee filed a contempt Petition against Warner, alleging that Warner was in contempt of the trial court's July 16, 2012 child support Order. As the trial court summarized in its Opinion,

> [a]t a support contempt hearing on July 7, 2014, [Warner] was not found in contempt of court for willfully violating a spousal support order. [Warner], however, was ordered to remit a lump sum payment of one hundred dollars on the same day, maintain his current obligation and provide updated medical documentation of his ongoing disability to the Erie County Support Enforcement Unit by August 7, 2014. He appealed the [O]rder on August 4, 2014.

Trial Court Opinion, 9/22/14, at 1-2. Subsequently, Warner, *pro se*, sent to the trial court a "Concise Statement."

On appeal, Warner appears to challenge the trial court's Order, which required him to remit immediately the lump sum child support payment of $100, maintain his current child support obligation, and provide to the Erie County Support Enforcement Unit updated medical documentation of his ongoing disability.

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

***Morgan v. Morgan***, 99 A.3d 554, 557 (Pa. Super. 2014).[1]

In his appellate brief, Warner does not identify any evidence of record that would support his challenge. The amount of Father's current support obligation was litigated and resolved by this Court in 2014. At the hearing on Magee's contempt Petition, Warner admitted that he has not paid child support since May 2010. N.T., 7/7/14, at 2-3, 7-8. Thus, Warner's challenge is without any support in the record and we cannot grant him relief on his claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2015

---

[1] We note that the trial court expressly found Warner **not** to be in contempt. The trial court's Order merely required Warner to pay his previously determined child support obligation.